**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**NANCY JOY RAINE**                                                                      **PLAINTIFF**

**v.**                                                           **CAUSE NO. 1:15CV300-LG-RHW**

**NEW PALACE CASINO, LLC**                                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Motion for Summary Judgment [26] filed by the defendant New Palace Casino, LLC.  The plaintiff Nancy Joy Raine has filed a response in opposition to the Motion, and New Palace has filed a reply.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Summary Judgment should be denied.

**FACTS**

On August 13, 2012, Raine, her husband, and two friends rented hotel rooms at the Palace Casino in Biloxi, Mississippi.  At that time, Raine was eighty-five years old, and she utilized a cane to walk due to injuries she suffered in a serious car accident in 2002.  She claims that she requested a handicapped-accessible room. However, upon entering their assigned room, she and her husband realized the room was not equipped for handicapped guests.  She decided not to request a room change, and they spent the night in the room.  The following morning, Raine fell while attempting to rise from the toilet.  She hit her head and suffered injuries in the fall.  She filed this premises liability lawsuit against New Palace, the owner of

the hotel and casino. Raine claims that New Palace was negligent, because it failed to assign her to a handicapped-accessible room. She asserts that she would not have fallen if the bathroom in her room had been equipped with safety bars and rails.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

> The Mississippi Court of Appeals has explained:
>
> It is well settled that Mississippi follows a traditional three-step analysis in determining whether a property owner is liable to an injured party in a premises liability case . . . . This analysis includes the following determinations: (1) the injured party's classification as an invitee, licensee, or trespasser at the time he or she was injured; (2) the duty owed by the defendant to the injured party; and (3) whether the defendant breached that duty.

*Sawvell v. Gulfside Casino, Inc.*, 158 So. 3d 363, 365-66 (Miss. Ct. App. 2015)

(internal citations omitted).

The parties in the present case do not dispute that Raine was an invitee. Under Mississippi law, the owner or operator of a business premises owes an invitee the duty to exercise "reasonable or ordinary care to keep the premises in [a] reasonably safe and suitable condition or of warning the invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care." *Mayfield v. The Hairbender*, 903 So. 2d 733, 735-36 (¶11) (Miss. 2005). The duty to maintain a reasonably safe condition and the duty to warn of hidden dangers are separate duties and each duty supports a claim of negligence. *Id.* at 738 (¶20).

Raine argues that the absence of safety bars and rails in the bathroom of her hotel room "created a dangerous condition for a handicapped person such as Raine." (Pl.'s Resp. at 6, ECF No. 30). Thus, Raine does not claim that the bathroom was unsafe for non-handicapped guests; her claim is based on the assertion that she was not assigned a handicapped-accessible room.

The Mississippi courts have not addressed the issue of whether the failure to include safety bars and rails constitutes a breach of the duty to keep a premises in a reasonably safe condition for elderly or disabled invitees. However, New Palace relies on the recent case, *Vivians v. Baptist Healthplex*, No. 2014-CA-01828-COA, 2016 WL 3153971 (Miss. Ct. App. June 7, 2016), in support of its argument that the failure to provide special accommodations on the basis of disability does not constitute a breach of duty. In *Vivians*, a member of the Baptist Healthplex slipped

and fell while entering a therapy pool. *Id.* at *1 (¶1). He claimed that two Baptist employees should have known he was in a "vulnerable position" and provided him with assistance in entering the pool because he utilized a walking cane. *Id.* at *5 (¶16). The court held that the employees had no duty to assist the plaintiff because they were not his medical providers or physical therapists and the plaintiff did not ask for assistance. *Id.* at (¶18). The Court further held that there was no evidence that the employees were aware of any dangerous condition at the pool. *Id.* The pool had signs warning that surfaces were slippery when wet, handrails leading into the pool, and abrasive, yellow "caution" wrapping on the handrails. *Id.* at *4 (¶12). The court relied on a case from the Southern District of Mississippi in which the court held that Wal-Mart did not have a duty to help a customer load a lawn mower into his truck even if the store knew or should have known that loading the mower was hazardous. *Id.* at *5 (¶17) (citing *Ghaemmahami v. Wal-Mart Stores Inc.*, 442 F. Supp. 2d 354, 365 (S.D. Miss. 2006)).

This case is distinguishable from *Vivians*. While the plaintiff in *Vivians* did not request accommodation, Raines has testified that she did request accommodation in the form of a handicapped-accessible room. Furthermore, the pool at issue in *Vivians* had handrails and other safety precautions in place, leading the court to find that there was insufficient evidence that the pool was a dangerous condition.

This Court has located only one case that has addressed the failure to provide

a handicapped-accessible hotel room. In *Sanders v. Sheraton Hotels & Resorts*, the plaintiff requested a handicapped-accessible room when she booked a hotel room through a travel agent. *Sanders v. Sheraton Hotels & Resorts*, No. 2:11-5489(KM)(MCA), 2014 WL 60011, at *1 (D.N.J. Jan. 7, 2014). She requested this accommodation because she had prior back and ankle injuries. *Id.* The hotel did not provide the plaintiff with a handicapped-accessible room, and she did not request a room change. *Id.* at *2. She slipped and fell in the shower, injuring her ankle. *Id.* The New Jersey court granted summary judgment in favor of the hotel because there was no evidence that the travel agent had informed the hotel of the plaintiff's request for a handicapped-accessible room and there was nothing about the plaintiff's appearance that would have led hotel staff to realize she needed a handicapped-accessible room. *Id.* at *2, *7. For example, she did not utilize a walker or cane prior to her accident at the hotel. *Id.* at *2.

The present case is also distinguishable from *Sanders*, because Raine has testified that she requested a handicapped-accessible room from the casino staff. Furthermore, her request for a handicapped-accessible room in conjunction with her apparent advanced age and use of a cane arguably should have place hotel staff on notice of her need for special accommodations.

Another instructive case is *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286 (6th Cir. 1999). The plaintiff in *Smith* was seventy-four years old and she utilized a walker due to a hip replacement. *Id.* at 289. She waited at the front of a Wal-Mart

store while her husband shopped. *Id.* She felt the need to use the restroom but the only handicapped-accessible restroom was at the back of the Wal-Mart store and she was unaware of its location. *Id.* at 289-90. She entered the bathroom near the front of the store, but the bathroom stall was not wide enough to accommodate her walker so she was forced to leave it outside the stall. *Id.* at 290. Furthermore, there were no handrails in the stall. *Id.* She lost her balance and fell, which caused her to suffer a broken neck and quadriplegia. *Id.* The Sixth Circuit held that "[w]hether Wal-Mart's failure to maintain grab bars and a stall suitable for persons like plaintiff, and its location of the handicapped-accessible restroom some 140 yards from the store entrance and without signs directing disabled persons to it, considered singly or cumulatively, constituted negligence for failure to keep the premises safe as required by [Georgia law] was a matter for the jury." *Id.* at 292.

Similarly, in the present case, the Court finds that the question of whether a hotel's assignment of a hotel room without safety bars and handrails to an elderly person who has requested a handicapped-accessible room constitutes a failure to keep the premises in a reasonably safe condition for that particular person is a question, albeit a close one, for the jury. The Court also recognizes that Raine likely could have easily remedied the problem by requesting a room change, or simply choosing to stay somewhere else. But under Mississippi law the percentage of fault attributable to Raine is likewise a question for the jury. *See Mayfield*, 903 So. 2d at 739 (¶¶ 27-28) (holding that the open and obvious defense is not a

store while her husband shopped. *Id.* She felt the need to use the restroom but the only handicapped-accessible restroom was at the back of the Wal-Mart store and she was unaware of its location. *Id.* at 289-90. She entered the bathroom near the front of the store, but the bathroom stall was not wide enough to accommodate her walker so she was forced to leave it outside the stall. *Id.* at 290. Furthermore, there were no handrails in the stall. *Id.* She lost her balance and fell, which caused her to suffer a broken neck and quadriplegia. *Id.* The Sixth Circuit held that "[w]hether Wal-Mart's failure to maintain grab bars and a stall suitable for persons like plaintiff, and its location of the handicapped-accessible restroom some 140 yards from the store entrance and without signs directing disabled persons to it, considered singly or cumulatively, constituted negligence for failure to keep the premises safe as required by [Georgia law] was a matter for the jury." *Id.* at 292.

Similarly, in the present case, the Court finds that the question of whether a hotel's assignment of a hotel room without safety bars and handrails to an elderly person who has requested a handicapped-accessible room constitutes a failure to keep the premises in a reasonably safe condition for that particular person is a question, albeit a close one, for the jury. The Court also recognizes that Raine likely could have easily remedied the problem by requesting a room change, or simply choosing to stay somewhere else. But under Mississippi law the percentage of fault attributable to Raine is likewise a question for the jury. *See Mayfield*, 903 So. 2d at 739 (¶¶ 27-28) (holding that the open and obvious defense is not a

complete bar to recovery in premises liability cases; rather the jury must compare the plaintiff's negligence with the defendant's negligence and reduce the award, if any, to the plaintiff accordingly). As a result, New Palace's Motion for Summary Judgment must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [26] filed by the defendant New Palace Casino, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE